IN THE UNITED STATES DISTRICT COURT
FOR THE ~~NORTHERN~~ *Middle* DISTRICT OF ALABAMA,
*Eastern* DIVISION

**SCOTT COLLEY,**

    **Plaintiff,**

v.

**NORBOARD ALABAMA, INC.,**

    **Defendant.**

3:05CV978-m

CV-05-_____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel of record, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for disability discrimination, arising in Chambers County, Alabama, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 12101, et seq. (hereinafter "ADA"), the anti-retaliation provisions of Title VII of the Civil Rights Act incorporated into the ADA, 42 U.S.C. Section 2000e, et seq., and the Family Medical Leave Act, 29 U.S.C. Section 2601, et seq.(hereinafter "FMLA"). Accordingly, jurisdiction is based on federal question jurisdiction, 42 U.S.C. Section 1331, and venue is appropriate in this Court.

1

2. Plaintiff has satisfied all administrative prerequisites by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission, and subsequently receiving an EEOC "Right to Sue" letter within 90 days from the filing of this complaint.

## PARTIES

3. Plaintiff is an adult resident of Chambers County, Alabama, over the age of twenty-one years.

4. Defendant, Norboard Alabama, Inc. (hereinafter "Norboard") is, upon information and belief, and Alabama corporation, doing business in Chambers County, Alabama.

## ALLEGATIONS

5. Plaintiff incorporates by reference the allegations contained in paragraphs one through four above as though fully stated herein.

6. Plaintiff was employed by by Norboard Alabama, Inc. as a process technician for approximately two and one-half years. The Human Resources Director for Norboard was Allen Owen. On July 8th, 2004, Plaintiff advised Mr. Owen that he had to check in the hospital for treatment of a serious illness and disability, schizophrenia, which had been diagnosed with and which Mr. Owen had been aware of, and that he would be gone several days. The purpose of the hospitalization was for an adjustment of his medication, so that he could return to his previous level of functioning. Plaintiff had been diagnosed with and received treatment for this same condition in March of 2004,

2

and had provided his supervisor Bob Ellis, as well as Mr. Owen, with a written medical excuse regarding this condition.

7. Before Plaintiff left for the hospital in July, 2004, Mr. Owen did not indicate that his leave would create any problems with Plaintiff's employment with Norboard. Plaintiff was in the hospital approximately two-weeks. During this time, Mr. Owen was kept advised of Plaintiff's medical condition on a regular basis by someone acting on his behalf, and he was also notified that Plaintiff had authorized him to review my medical records. Mr. Owen never reviewed Plaintiff's medical records, and never indicated there was any problem with Plaintiff's medical leave.

8. While Plaintiff was in the hospital, he continued to receive payment of his normal salary from Norboard. After Plaintiff was discharged from the hospital, he was told to meet with Mr. Owen before returning to work. Plaintiff met with them on July 26, 2004, and advised them that he was ready to return to work at that time. However, at this meeting, Mr. Owen and another Norboard supervisor, Mark Allan, advised Plaintiff that his employment with Norboard was being terminated because Plaintiff had missed too-many days of work. During this meeting, Plaintiff was told that "this has gone on long enough", and in a later phone conversation, Mr. Owen told Plaintiff "out is out". Plaintiff was never told that he was terminated for any reason other than for missing work, and Plaintiff only missed work to receive medical treatment for his condition.

9. Defendant's termination of Plaintiff caused the Plaintiff to loose a significant amount of compensation, in addition to causing him much mental anguish, humiliation

and distress.

10. Plaintiff has suffered, and continues to suffer, financial hardship as a result of said termination, resulting in direct and consequential financial and property losses, as well as mental anguish, humiliation and emotional distress.

11. The Defendant's termination was intentional, willful, deliberate and malicious, And Defendant knew or should have known that said termination was illegal, harmful, and a violation of the Plaintiff's disability rights.

12. Norboard supervisors Allan and Ellis referenced above, as well as Norboard Human Resources Director Owen, were at all times pertinent to this action acting for and on behalf of Defendant Norboard, within the scope of their employment and their respective authority for Norboard.. Furthermore, the discriminatory termination of Plaintiff was both authorized and ratified by Norboard.

## COUNT ONE: AMERICANS WITH DISABILITIES ACT

13. Plaintiff incorporates by reference the allegations contained in paragraphs one through twelve above, as though fully stated herein.

14. At all times material to this action, Plaintiff was a disabled person within the meaning of the Americans with Disabilities Act (ADA). Plaintiff's disability was mental impairment based on diagnosed schizophrenia. Said disability required medication, and periodic treatment and hospitalization for the purpose of adjustment of his medication. Left untreated, said disability substantially limits Plaintiff's major life activities,

including work, performing tasks, and normal daily functioning. Plaintiff's disability is permanent and chronic.

15. Defendant was, at all times material to this action, fully aware of Plaintiff's schizophrenic condition and need for medication. Defendant is a covered employer under the ADA, having in excess of fifty employees at all times material to this action.

16. Plaintiff was qualified to perform the essential functions of his job.

17. Plaintiff was terminated after returning to work immediately following his medical leave, and was therefore denied the reasonable accommodation of medical leave for treatment of his disability, and specifically for hospitalization in order to adjust his medication. Plaintiff was denied this accommodation despite obtaining Defendant's approval and consent prior to the leave, making the scope and probable duration of his leave known to Defendant, and making his medical information available to Defendant. Plaintiff's accommodation of medical leave was not unduly burdensome to Defendant, given the number of employees of Defendant and Plaintiff's position and duties.

18. Defendant terminated Plaintiff on the basis of his disability, in violation of his rights pursuant to the ADA.

    **WHEREFORE**, Plaintiff demands a judgment against the Defendant for the following relief:

    a. Compensatory damages in an amount which will compensate the Plaintiff for his financial losses, both direct and consequential.

    b. Punitive damages based on the nature of the Defendant's conduct, in an amount which will adequately punish the Defendant and deter the Defendant from engaging in similar conduct in the future.

    c. A finding that the Defendant has violated the Plaintiffs rights under the ADA through termination on the basis of his disability, and ordering the Defendant to reinstate Plaintiff to his previous employment status.

    d. Payment of reasonable statutory civil rights attorney fees incurred in the prosecution of this action.

## COUNT TWO: FAMILY MEDICAL LEAVE ACT RETALIATION

19. Plaintiff incorporates by reference the allegations contained in paragraphs one through eighteen above, as though fully stated herein.

20. Defendant is a covered employer under the FMLA, and Plaintiff was an eligible employee under the FMLA.

21. Plaintiff's medical leave was for treatment of his disability of schizophrenia, which qualifies as serious health condition under the FMLA. Plaintiff complied with all notice and other requirements for obtaining his medical leave from Defendant.

22. Defendant's termination of Plaintiff was the proximate result of and in retaliation for his medical leave for treatment of his disability. Said termination was in violation of

Plaintiff's right to medical leave under the FMLA. Defendant's termination was, therefore, causally connected to Plaintiff's exercise of his rights under the FMLA, and done in retaliation for Plaintiff's exercise of his protected rights under FMLA.

**WHEREFORE**, Plaintiff demands a judgment against the Defendant for the following relief:

a. Compensatory damages in an amount which will compensate the Plaintiff for his financial losses, both direct and consequential.

b. Punitive damages based on the nature of the Defendant's conduct, in an amount which will adequately punish the Defendant and deter the Defendant from engaging in similar conduct in the future.

c. A finding that the Defendant has violated the Plaintiffs FMLA rights through terminating his employment on the basis of his disability, and ordering the Defendant to restore Plaintiff to his previous employment status.

d. Payment of reasonable statutory civil rights attorney fees incurred in the prosecution of this action.

**COUNT THREE: RETALIATION UNDER TITLE VII AND ADA**

23. Plaintiff incorporates by reference the allegations contained in paragraphs one through twenty-two above, as though fully stated herein.

24. Defendant's termination of Plaintiff was the proximate result of and in retaliation for his exercising his protected rights under the ADA, in violation of the anti-retaliation provisions of Title VII, 42 U.S.C. Section 2000e-3(8) and the retaliation provisions of the ADA, 42 U.S.C. Section 12203, in that Defendant's termination of Plaintiff was causally connected to and done in response to Plaintiff's exercise of his statutorily protected ADA right to reasonable accommodation for his disability.

**WHEREFORE**, Plaintiff demands a judgment against the Defendant for the following relief:

a. Compensatory damages in an amount which will compensate the Plaintiff for his financial losses, both direct and consequential.

b. Punitive damages based on the nature of the Defendant's conduct, in an amount which will adequately punish the Defendant and deter the Defendant from engaging in similar conduct in the future.

c. A finding that the Defendant has retaliated against the Plaintiff through terminating his employment on the basis of his exercising his protected rights under the ADA, and ordering the Defendant to restore Plaintiff to his previous employment status.

d. Payment of reasonable statutory civil rights attorney fees incurred in the prosecution of this action.

BY: _____
STEVEN L. TERRY
(TERRS2537)
Attorney for Plaintiff
P.O. Box 160091
Mobile, Al. 36616
(251) 432-4800

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION.**

BY: _____
STEVEN L. TERRY

;