IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

| | |
|---|---|
| SCOTT COLLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NORBOARD ALABAMA, INC., | ) 3:05-CV-00978-VPM ) JURY DEMANDED |
| Defendant. | ) ) ) ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Norbord Alabama Inc. ("Defendant" or "Norbord"), erroneously identified by Plaintiff as "Norboard Alabama, Inc." in his Complaint, respectfully submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Scott Colley ("Plaintiff" or "Colley") as follows:

**I.     Jurisdiction and Venue**

1.     Defendant admits that Plaintiff purports to bring this action pursuant to the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the anti-retaliation provisions of Title VII of the Civil Rights Act incorporated into the ADA, 42 U.S.C. §2000e, *et seq.*, and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Defendant admits that this Court has jurisdiction over the instant litigation pursuant to 42 U.S.C. § 1331, but Defendant denies that any such violations occurred or that Plaintiff is entitled to any relief thereunder. Defendant admits that venue is proper in this district under 28 U.S.C. § 1391(b) but denies that any violations of the ADA or FMLA occurred or that Plaintiff is entitled to any

damages under either statute. Unless expressed admitted herein, the Defendant denies each and every allegation set forth in Paragraph 1.

    2.    Defendant admits that Plaintiff filed a charge with the EEOC and received his Right-to-Sue Notice after a "No Cause" determination. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 2 and therefore denies the allegations. Except as expressly admitted herein, Defendant denies each and every allegation set forth in Paragraph 2.

## II. Parties

    3.    Upon information and belief, Defendant admits the allegations contained in Paragraph 3.

    4.    Defendant admits that it does business in Chambers County, Alabama and that Norbord Alabama Inc. is incorporated in Alabama. Except as expressly admitted herein, Defendant denies each and every allegation set forth in Paragraph 4.

## III. Allegations

    5.    Defendant re-alleges and incorporates by reference its responses contained in paragraphs 1-4 above with the same force and effect as if fully set out in specific detail herein.

    6.    Defendant admits that Plaintiff was employed by Defendant as a process technician for approximately two and one-half years. Defendant admits that the Human Resources Director for the Norbord facility in which Plaintiff worked was Allen Owen. Defendant denies the remaining allegations set forth in Paragraph 6.

    7.    Defendant admits that Allen Owen never reviewed Plaintiff's medical records. Defendant affirmatively asserts that the decision to terminate Plaintiff was made before Plaintiff

allegedly checked himself into the hospital. Unless expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 7.

8.  Defendant admits that while Plaintiff was in the hospital, Defendant continued to pay Plaintiff his normal salary. Defendant admits that Plaintiff was told to meet with Allen Owen before returning to work and that Plaintiff was informed at a meeting with Allen Owen and Mark Allan that his employment had been terminated. Defendant affirmatively asserts that the decision to terminate Plaintiff was made before Plaintiff notified Defendant he was checking himself into the hospital. Unless expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 8.

9.  Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant admits that Owen was acting within the scope of his employment when he informed Plaintiff of his termination for performance and attendance issues, a decision that had been made prior to Plaintiff's alleged hospital stay. Unless expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 12.

**Count One: Americans with Disabilities Act**

13. The Defendant re-alleges and incorporates by reference its responses contained in paragraphs 1-12 above with the same force and effect as if fully set out in specific detail herein.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits that it is a covered employer under the ADA, but denies that any violation of the ADA occurred. Except as expressly admitted herein, Defendant denies each and every allegation set forth in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in of Paragraph 18.

**WHEREFORE**, having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief requested in Count One in the lettered paragraphs following Paragraph 18 and respectfully requests that:

a. Plaintiff's claims be dismissed with prejudice in their entirety;

b. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs, including reasonable attorneys' fees, be awarded to Defendant against Plaintiff pursuant to applicable law; and that

e. Defendant have such other and further relief as this Court may deem just and proper.

**Count Two:  Family Medical Leave Act Retaliation**

19. The Defendant re-alleges and incorporates by reference its responses contained in paragraphs 1-18 above with the same force and effect as if fully set out in specific detail herein.

20. Defendant admits that it is a covered employer under the FMLA. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

**WHEREFORE,** having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief requested in Count Two in the lettered paragraphs following Paragraph 22 and respectfully requests that:

a. Plaintiff's claims be dismissed with prejudice in their entirety;

b. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs, including reasonable attorneys' fees, be awarded to Defendant against Plaintiff pursuant to applicable law; and that

e. Defendant have such other and further relief as this Court may deem just and proper.

**Count Three:  Retaliation under Title VII and the ADA**

23. The Defendant re-alleges and incorporates by reference its responses contained in paragraphs 1-22 above with the same force and effect as if fully set out in specific detail herein.

24. Defendant denies the allegations contained in Paragraph 24.

**WHEREFORE,** having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief requested in Count Three in the lettered paragraphs following Paragraph 24 and respectfully requests that:

a. Plaintiff's claims be dismissed with prejudice in their entirety;

b. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs, including reasonable attorneys' fees, be awarded to Defendant against Plaintiff pursuant to applicable law; and that

     e.     Defendant have such other and further relief as this Court may deem just and proper.

## IV.    **Prayer for Relief**

WHEREFORE, having fully answered and responded to the entirety of allegations of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief requested and respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including reasonable attorneys' fees, be awarded to Defendant against Plaintiff pursuant to applicable law; and that

5. Defendant have such other and further relief as this Court may deem just and proper.

## V.    **Affirmative Defenses**

In further support of Defendant's prayer for relief, Defendant states as follows:

### First Defense

Some or all of the claims in Plaintiff's Complaint fail to state a claim upon which relief may be granted by this Court.

### Second Defense

To the extent that Plaintiff failed to comply with the administrative requirements of the ADA and/or the FMLA, Plaintiff's claims are barred as untimely for failure to fulfill all of the conditions precedent to maintaining this action and a failure to exhaust administrative remedies.

## Third Defense

To the extent that Plaintiff failed to file suit within 90 days of receiving his right to sue notice his claims are barred as untimely.

## Fourth Defense

Some or all of the claims in Plaintiff's Complaint are barred in whole or in part by the applicable statute of limitations.

## Fifth Defense

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, release, after-acquired evidence, and/or unclean hands.

## Sixth Defense

Plaintiff's claims of discrimination and retaliation fail because decisions relating to Plaintiff's employment were based on legitimate, non-discriminatory reasons. Defendant denies that Plaintiff's disability or alleged FMLA leave, the existence of which are expressly denied, or any other impermissible factor played any role in the decisions made regarding Plaintiff's employment. Even if Plaintiff's disability or FMLA leave had been a factor considered by Defendant in making any decisions concerning Plaintiff's employment, which Defendant expressly denies, the same decisions would have been made for legitimate, non-discriminatory, and non-pretextual reasons, without consideration of Plaintiff's disability or FMLA leave.

## Seventh Defense

Plaintiff's claim for disability discrimination in violation of the ADA is barred because Plaintiff was not a qualified individual with a disability.

**Eighth Defense**

Plaintiff's claim for disability discrimination in violation of the ADA is barred because any accommodation Plaintiff purportedly requested or could have requested would have been unreasonable and would have created an undue hardship on Defendant's business.

**Ninth Defense**

Plaintiff's claim for disability discrimination in violation of the ADA is barred because Plaintiff could not perform the essential functions of his job with or without an accommodation.

**Tenth Defense**

Plaintiff's claim for disability discrimination in violation of the ADA fails because Plaintiff posed a direct threat to the health or safety of himself and others in the workplace, and this threat could not be removed by a reasonable accommodation.

**Eleventh Defense**

Plaintiff's allegations of retaliation under the FMLA and ADA fail because the alleged exercise or attempt to exercise any right granted pursuant to the FMLA or ADA did not play a role in the employment decision relating to Plaintiff.  Even if the alleged exercise or attempt to exercise any right granted pursuant to the FMLA or ADA had been a factor considered by Defendant in making any decisions concerning Plaintiff's employment, which Defendant expressly denies, the same decisions would have been made for non-retaliatory reasons, without consideration of any illegal or impermissible criteria.

**Twelfth Defense**

With respect to some or all claims brought by Plaintiff, Defendant pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FMLA or the ADA were not willful but occurred in good faith and were based upon reasonable factors.

## Thirteenth Defense

Some or all of Plaintiff's claims are barred by a failure to comply with the notice requirements of the FMLA.

## Fourteenth Defense

Plaintiff's FMLA claims are barred by his failure to provide Defendant with sufficient certification of the alleged serious health condition(s) at issue.

## Fifteenth Defense

Plaintiff cannot sustain a claim for FMLA discrimination in that he had not taken FMLA leave during his employment.

## Sixteenth Defense

If agents of the Defendant discriminated against Plaintiff, which Defendant expressly denies, such agents were at all relevant times acting outside the scope of their employment.

## Seventeenth Defense

Plaintiff has alleged no facts sufficient to support an award of compensatory damages, punitive damages, liquidated damages, damages for any physical or emotional injury, front pay, back pay, lost benefits, reinstatement, costs, attorneys' fees, or any other relief.

## Eighteenth Defense

The damages claimed by Plaintiff, the existence of which are expressly denied, are barred to the extent they are speculative in nature.

## Nineteenth Defense

Plaintiff may be barred from obtaining the relief he seeks for having failed to mitigate or reasonably attempt to mitigate damages, if any, as required by law.

**Twentieth Defense**

Defendant denies that a causal connection exists between any alleged action by Defendant and any damages or injuries allegedly suffered by Plaintiff, the existence of which Defendant denies.

**Twenty-first Defense**

Defendant has not engaged in unlawful intentional discrimination with respect to Plaintiff and Defendant is therefore not liable for any relief whatsoever under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 2601.

**Twenty-second Defense**

To the extent Plaintiff's claim of intentional discrimination under the ADA is successful, Plaintiff's compensatory and punitive damages are capped pursuant to 42 U.S.C. §§ 1981a(a)(2) and 1981a(b)(3).

**Twenty-third Defense**

To the extent Plaintiff seeks punitive damages under the ADA, Plaintiff's claim is barred pursuant to 42 U.S.C. § 1981a(a)(3) because Defendant at all times acted in good faith, although Defendant was unable to make an effective accommodation in consultation with Plaintiff because Defendant had no knowledge of Plaintiff's disability or the need to accommodate it.  Further, to the extent Plaintiff's Complaint states a claim for punitive damages, such a claim is barred because any imposition of punitive damages against Defendant under any of the claims would constitute a denial of due process and would be excessive under the United States Constitution and the laws of the State of Alabama.

**Twenty-forth Defense**

Plaintiff is not entitled to any punitive damages because Plaintiff has failed to plead facts

sufficient to entitle him to an award of punitive damages and, in any event, Defendant did not act with malice or reckless indifference to any of Plaintiff's rights, or commit any knowing, wanton, intentional, or malicious acts.

### Twenty-fifth Defense

Plaintiff is not entitled to receive punitive damages because even if he were able to establish that any individual manager allowed unlawful bias to influence any employment decision, which Defendant expressly denies, in light of Defendant's good faith efforts to prevent bias, Defendant is not liable for punitive damages for any such individual decision.

### Twenty-sixth Defense

Plaintiff's claim for liquidated damages is barred because Defendant engaged in good faith efforts to comply with federal laws prohibiting discrimination.

Respectfully Submitted,

/s/ Monica G. Graveline
One of the Attorneys for Defendant
Norbord Alabama Inc.


Weyman T. Johnson
Georgia Bar No. 395775
Motion for Admission *Pro Hac Vice* to be filed
Melissa B. Garrett
Georgia Bar No. 460774
Motion for Admission *Pro Hac Vice* to be filed

PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400

M. Jefferson Starling, III (STA062)
Monica G. Graveline (GRA100)

        Balch & Bingham LLP
        1710 Sixth Avenue North
        Birmingham, Alabama 35203-2014
        (205) 226-8722


        Counsel for Defendant
        Norbord Alabama Inc.


## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **ANSWER AND AFFIRMATIVE DEFENSES** on all parties to this action via electronic delivery to:

Steven L. Terry
P.O. Box 160091
Mobile, Alabama 36616


This is the 3rd day of January, 2005.

        /s/ Monica G. Graveline
        Attorney for Defendant